UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERRY HARRIS,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| vs. | } |
| | } |
| **THE CITY OF HOOVER, ALABAMA;** | }   CASE NO. CV 06-B-4613-S |
| **NICK DERZIS**, *individually and in his* | } |
| *official capacity as Chief of Police*; | } |
| **MICHAEL TOLIVER,** *individually and* | } |
| *in his official capacity as a police officer* | } |
| *with the City of Hoover, Alabama;* | } |
| **MARSHA H. HEADLEY,** *in her role as* | } |
| *Magistrate of the City of Hoover,* | } |
| *Alabama*, | } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is currently before the court on Defendants' Motion to Dismiss and for More Definite Statement, (doc. 4),[1] and Plaintiff's Motion for Leave to Amend Complaint, (doc. 8). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Defendants' Motion to Dismiss is due to be granted in part, and denied in part, and that Plaintiff's Motion for Leave to Amend Complaint is due to be denied.

**I.   FACTUAL ALLEGATIONS**

Plaintiff's claims arise from the circumstances surrounding his arrest and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

imprisonment on November 3, 2004. Harris alleges that he was sitting in a parked car in the parking lot of Colonial Grand at Riverchase Apartments ("Colonial Grand") when Defendant, Hoover police officer Mike Toliver ("Toliver"), arrived on the premises, approached Harris's automobile and instructed him to exit the vehicle. Harris refused Toliver's instructions to exit his vehicle, and alleges that Toliver responded by threatening him with bodily harm, striking him, choking him, defaming him by using racial slurs, and ultimately arresting him. Plaintiff claims that he was not violating any law when he was initially approached by Toliver. Based on Toliver's sworn statement that he observed Plaintiff violating § 3-1 of the Municipal Code of the City of Hoover ("the Ordinance"), which prohibits the possession and/or consumption of an open container of alcoholic beverage in a public parking lot,[2] Defendant Marsha H. Headley ("Headley"), the magistrate of Hoover, issued a criminal complaint against Plaintiff. The criminal complaint was based on Toliver's testimony that he observed Plaintiff sitting in a parked car in a "public place provided for the parking of vehicles in the City of its police jurisdiction" with an "open container of alcoholic beverage."

Plaintiff originally asserted four causes of action against four Defendants including: arresting officer Mike Toliver; Hoover Chief of Police Nick Derzis ("Derzis");

---

[2] Hoover City ordinance § 3-1 provides as follows:

It shall be unlawful to drink or consume any alcoholic beverage or be in possession of an open container of alcoholic beverage in any public place provided for the parking of vehicles in the city or its police jurisdiction.

2

Hoover Magistrate Marsha Headley ("Headley"); and the City of Hoover, Alabama ("Hoover"). Plaintiff alleges the following claims: (1) false arrest by Defendant Toliver; (2) false imprisonment by Defendants Toliver and Headley; (3) negligence in hiring, training, supervision and retention by Derzis and Hoover; (4) pendant state law claim for assault and battery against Defendant Toliver. Although it is somewhat unclear from the allegations in the Complaint, the first three of the forgoing counts appear to be federal claims asserted under 42 U.S.C. § 1983 alleging constitutional violations.

## II.     DISCUSSION

Defendants move for the dismissal of Plaintiff's claims against Defendant Headley on the ground of judicial immunity. Although he was given an opportunity to file a brief in opposition to Defendants' Motion, (see doc. 4), Plaintiff has not done so. Instead, he has filed a Motion for Leave to Amend Complaint and a Second Amended Complaint. (Docs. 8, 6.) Thus, a threshold issue before the court is whether to grant Plaintiff leave to file his Second Amended Complaint.

In the proposed Second Amended Complaint, Plaintiff asserts ten causes of action against five Defendants including Hoover police officer Todd Smith ("Smith"), who was not named as a Defendant in the original Complaint. The first five claims of the Amended Complaint are as follows: (1) false arrest by Defendant Toliver; (2) false imprisonment by Defendants Toliver and Headley; (3) malicious prosecution by Defendants Toliver, Headley, and Hoover; (4) failure of duty to protect by Defendant Smith; and (5) negligence in hiring, training, supervision and retention by Derzis and

Hoover. Although it is somewhat unclear from the allegations in the Second Amended Complaint, the foregoing counts appear to be federal claims alleging constitutional violations under 42 U.S.C. § 1983. The next four counts in Plaintiff's Second Amended Complaint appear to be state law claims: (6) assault and battery by Defendant Toliver; (7) false arrest by Defendants Toliver and Smith; (8) false imprisonment by Defendants Toliver, Smith, Headley, and Hoover; and (9) malicious prosecution by Defendants Toliver, Smith, Headley, and Hoover. The final count of the Complaint alleges a federal claim against the four individual Defendants under 42 U.S.C. § 1985 for conspiracy to deny civil rights.

Leave to amend pleadings "shall be freely given when justice so requires". *Id*. However, "the grant or denial of an opportunity to amend is within the discretion of the District Court". *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has recognized that a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Hall v. United Insurance Company of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Specifically, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal". *Hall, supra* (*quoting Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). With this principle in mind, and taking into consideration the arguments made by Defendants in their Motion to Dismiss, and their Reply in Support of Motion to Dismiss (doc. 7), the court will determine whether and to what extent Plaintiff will be afforded leave to amend his complaint.

A. **Claims against Defendant Headley**

In their Motion to Dismiss, Defendants contend that Magistrate Headley is entitled to judicial immunity which shields her from liability for Plaintiff's claims against her. Plaintiff originally asserted one claim against Headley under Section 1983 alleging false imprisonment. (See generally Doc. 1, Compl.) In his Second Amended Complaint, Plaintiff added an additional count against Headley under Section 1983 for malicious prosecution, state law claims for false arrest, false imprisonment, malicious prosecution, and a federal claim under 42 U.S.C. § 1985 for conspiracy to deny civil rights. (See generally Doc. 6, Second Amended Compl.) In their Reply brief, (doc. 7), Defendants renew their contention that all claims against Headley are due to be dismissed on the ground that she is entitled to absolute judicial immunity.[3]

The Supreme Court of the United States has stated:

> [i]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). For that reason, the general rule is that a judge is immune from a suit for money

---

[3] Although the court acknowledges that not all "Magistrates" are considered to be judicial officers for the purposes of the doctrine of judicial immunity, Plaintiff has not opposed Defendants' contention that Headley is, in fact, a Magistrate *judge*, and nothing in Plaintiff's Second Amended Complaint indicates otherwise. Furthermore, the language of Section 10-7 of the Municipal Code of the City of Hoover suggests that a city Magistrate is a judicial officer, as that Section directs that a Magistrate be appointed by the mayor pursuant to Rule 18 of the Alabama Rules of Judicial Administration. Thus, the court will assume that a Hoover city Magistrate, such as Defendant Headley, is a judicial officer for the purposes of judicial immunity.

damages. *Id*. at 9. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id*. at 11. Rather, there are only two exceptions to the rule of absolute judicial immunity. First, judicial immunity does not protect a judge from liability arising from actions not taken in her judicial capacity. *Mirales*, 502 U.S. at 11; see *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Second, a judge is not entitled to immunity from liability for actions taken "in the complete absence of all jurisdiction." *Mirales*, 502 U.S. at 12. Accordingly, a judge is immune from civil liability for any act taken within her judicial capacity, unless the Plaintiff can show that she acted in the complete absence of all jurisdiction.

Plaintiff's claims against Defendant Headley are premised on his allegations that her act of issuing a criminal complaint against him was unlawful because she knew or should have known that the Ordinance Plaintiff was accused of violating was unconstitutional, and because she knew or should have known that Plaintiff had not actually violated the Ordinance. Plaintiff does not allege that the challenged action of Magistrate Judge Headley was outside of her judicial capacity or that she acted in the complete absence of all jurisdiction.

In *City of Bayou La Batre v. Robinson*, 785 So.2d 1128 (Ala. 2000), the Alabama Supreme Court held that judicial officers are entitled to immunity when they conduct prosecutorial activities "such as deciding whether to bring a criminal charge against a

6

Defendant." 785 So.2d at 1132. It is clear from the face of the original Complaint, as well as the Second Amended Complaint, that Plaintiff's claims against Magistrate Headley are based upon the role she allegedly played in determining whether to bring criminal charges against him, a municipal court Defendant. As such, all claims against Headley are due to be dismissed. Moreover, granting Plaintiff leave to file his Second Amended Complaint would be futile, to the extent that it contains claims against Magistrate Headley. Thus, Defendants' Motion to Dismiss will be granted as to all claims against Defendant Headley, and Plaintiff's Motion for Leave to Amend Complaint will be denied to the extent that the amended complaint contains claims against Magistrate Headley.

      B.    **Claims against the Remaining Defendants**

In their Reply brief, Defendants respond to the allegations in the Second Amended Complaint, arguing that the second and tenth causes of action stated therein are due to be dismissed. If Defendants are correct, and counts two and ten of the Second Amended Complaint fail to state a claim, allowing Plaintiff to amend his complaint to include those claims would be futile. *Foman*, 371 U.S. at 182. However, it would be premature, at this time, for the court to take up the merits of any of the remaining claims stated in the Second Amended Complaint, as the complaint fails to meet the basic pleading requirements set out in the Federal Rules of Civil Procedure; specifically, 8(a),[4] 8(e)(1),[5]

---

    [4]Rule 8(a) **Claims for Relief**. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction

7

and 10(b).[6]  Furthermore, the Second Amended Complaint fails to meet the Eleventh Circuit's heightened pleading requirement for individual-capacity claims under Section 1983, pursuant to which a Plaintiff must set forth in "[s]ome factual detail" the facts that support each individual-capacity claim.  *See GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998).  Accordingly, Plaintiff's Motion for Leave to Amend Complaint will be denied.  However, Plaintiff will be given one opportunity to amend his complaint such that all of the above pleading requirements are met.  Thus, Defendants' Motion for More Definite Statement, and Motion to Dismiss, as to the remaining claims, are moot.

## III.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss, (doc. 4), is due to be granted as to the claims against Magistrate Judge Headley, and denied as moot with regard to the remaining claims.  Plaintiff's Motion for Leave to Amend Complaint, (doc. 8), is due to be denied and Defendants' Motion to Strike Plaintiff's Second Amended

---

depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

[5]Rule 8(e)(1) **Pleading to be Concise and Direct**.  Each averment of a pleading shall be simple, concise, and direct.

[6]Rule 10(b) **Paragraphs; Separate Statements**.  All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . .  Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

Complaint, (doc. 9) is due to be granted.  Plaintiff will be ordered to file an amended complaint which complies with the pleading requirements set out herein.  The court will enter an Order in accordance with this Memorandum Opinion contemporaneously herewith.

>   **DONE** this the 10th day of July, 2007.

>                                       *Sharon Lovelace Blackburn*
>                                       SHARON LOVELACE BLACKBURN
>                                       CHIEF UNITED STATES DISTRICT JUDGE