

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY HARRIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **CV 06-B-4613-S** |
| | } | |
| **THE CITY OF HOOVER, ALABAMA;** | } | |
| **NICK DERZIS, individually and in his** | } | |
| **capacity as Chief of Police; MICHAEL** | } | |
| **"MIKE" TOLIVER, individually and in** | } | |
| **his capacity as a police officer with the** | } | |
| **City of Hoover, Alabama; TODD SMITH,** | } | |
| **individually and in his capacity as a police** | } | |
| **officer with the City of Hoover, Alabama,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is currently before the court on defendants' Motion to Dismiss Portions of Plaintiff's Third Amended Complaint, (doc. 13), and their Renewed Motion to Dismiss, (doc. 17).[1] Plaintiff alleges a number of federal and state-law causes of actions against defendants arising from his arrest on November 3, 2004, and his subsequent prosecution. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss are due to be granted.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

# I. <u>MOTION TO DISMISS STANDARD</u>

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct. at 1965. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id.* "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).

"[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

"While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)(citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). Therefore, a complaint alleging a "§ 1983 claim against officials who are able to assert qualified immunity as a defense" is subject to a "heightened pleading requirement." *Danley v. Allen*, ___ F.3d ___, No. 07-12328, 2008 WL 3874672, 11 (11th Cir. Aug. 22, 2008); *see Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004).  "Under the heightened pleading requirement, the relevant facts must be alleged with some specificity," and the court "will dismiss a complaint under the heightened pleading standard where the allegations are vague and conclusory." *Danley*, 2008 WL 3874672 at 11.

## II. **STATEMENT OF FACTS**[2]

On November 3, 2004, plaintiff was sitting in his car, which was parked in the parking lot of Colonial Grand at Riverchase Apartments [hereinafter "Colonial Grand"].  (Doc. 12 ¶ 10.)  Plaintiff claims that he was not violating any law.  (*Id*.  ¶ 12.)  At about 11:30 p.m., defendant Toliver, a police officer with defendant City of Hoover, arrived on the scene and told plaintiff to get out of the car.  (*Id*. ¶¶ 10, 13-14.)  Plaintiff refused and defendant Toliver "threatened to do bodily harm to plaintiff, unlawfully struck plaintiff, choked plaintiff, arrested plaintiff and defamed plaintiff by the use of racial slurs."  (*Id*. ¶ 15.)

Plaintiff was subsequently prosecuted for and convicted of violating § 3-1 of the Municipal Code of the City of Hoover, (*see id.* ¶ 29; doc. 17 ¶ 2), which provides, "It shall be unlawful to drink or consume any alcoholic beverage or be in possession of an open container of alcoholic beverage in any public place provided for the parking of vehicles in the city or its police jurisdiction."  Plaintiff has appealed this conviction.  (Doc. 18 ¶ 2.)

## III. **PROCEDURAL HISTORY**

Plaintiff instituted this action on November 3, 2006, asserting claims against the City of Hoover, defendant Toliver, Hoover Chief of Police Nick Derzis, and Hoover Magistrate, Marsha H. Headley.  (*See generally* doc. 1.)  On December 7, 2006, defendants filed a Motion to Dismiss and for More Definite Statement.  (Doc. 4.)  Arguing that plaintiff's

---

[2]As required for purposes of the pending motions, the court will assume that the facts alleged in the Third Amended Complaint are true.

Complaint did not adequately distinguish what acts each defendant was alleged to have committed, defendants moved the court to require plaintiff to file a more definite statement of his claims, from which defendants could reasonably be expected to discern what plaintiff was claiming and to frame a responsive pleading. (*Id.*) In addition, defendants moved the court for the dismissal of plaintiff's claim against Magistrate Headley on the ground that she was entitled to judicial immunity. (*Id.*) On June 1, 2007, plaintiff filed a Motion for Leave to Amend Complaint, and a proposed Second Amended Complaint.[3] (Docs. 6,8.) In his Second Amended Complaint, plaintiff alleged new claims against Hoover police officer Todd Smith.

On July 10, 2007, the court dismissed with prejudice all claims against Marsha Headley, and denied plaintiff's Motion for Leave to Amend Complaint on the ground that plaintiff's proposed Second Amended Complaint failed to meet the basic pleading requirements set out in the Federal Rules of Civil Procedure. (Docs. 10, 11.) The court specifically ordered, "Each count in the Amended Complaint should contain no more than one discrete claim for relief against one defendant. The Amended Complaint must also contain allegations of fact that support each discrete claim." (Doc. 11 at 2.) The court further admonished plaintiff concerning this Circuit's requirement that a § 1983 individual-capacity claim meet a "heightened pleading standard," under which facts that support each

---

[3]On November 17, 2006, plaintiff apparently filed with the court, and served upon defendants, an Amended Complaint. (*See*, Doc. 4, Ex. 1.) This first Amended Complaint was never made part of the record.

individual-capacity claim must be set forth in "'[s]ome factual detail.'"  (*Id.* [quoting *GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)]). Finally, the court stated that: "Failure to comply with this Order may result in dismissal of plaintiff's remaining claims without further notice."  (*Id.*)

On July 24, 2007, plaintiff filed his Third Amended Complaint, in which he added Todd Smith as a defendant and asserted twelve causes of action:

| | |
|---|---|
| First Cause of Action: | False Arrest by Defendant Toliver |
| Second Cause of Action: | Unlawful Search by Defendant Toliver |
| Third Cause of Action: | Invasion of Privacy by Defendant Toliver |
| Fourth Cause of Action: | False Imprisonment by Defendants Toliver and the City of Hoover; |
| Fifth Cause of Action: | Malicious Prosecution by Defendants Toliver and the City of Hoover; |
| Sixth Cause of Action: | Failure of Duty to Protect by Defendant Smith; |
| Seventh Cause of Action: | Negligence in Hiring, Training, Supervision, and Retention by Defendants Derzis and the City of Hoover; |
| Eighth Cause of Action: | Pendent State Claim for Assault and Battery by Defendant Toliver and the City of Hoover; |
| Ninth Cause of Action: | Pendent  State Claim for False Arrest by Defendants Toliver, Smith, and Derzis; |
| Tenth Cause of Action: | Pendent State Claim for False Imprisonment by Defendants Toliver, Smith, and the City of Hoover; |

Eleventh Cause of Action:   Pendent State Claim for Malicious Prosecution by Defendants Toliver, Smith and the City of Hoover;

Twelfth Cause of Action:   Conspiracy by Defendants Toliver, Smith, Derzis, and the City of Hoover;

(Doc. 12.)

## IV. <u>DISCUSSION</u>

## A. FIRST CAUSE OF ACTION:  FALSE ARREST BY DEFENDANT TOLIVER

Defendants contend that this claim is due to be dismissed because it contains more than a single cause of action.  Indeed, plaintiff admits that his "first cause of action" contains at least four causes of action:  section 1983 claim based on excessive force during an arrest in violation of his fourth amendment rights, section 1983 claim based on invasion of his right to privacy, section 1983 claim based on a taking of his automobile and his beer in violation of the fifth amendment, and a state-law cause of action based on assault and battery.[4]

Plaintiff's First Cause of Action clearly violates this court's prior Order that "[e]ach count in [his third] Amended Complaint should contain no more than ***one discrete claim*** for relief against one defendant."  (Doc. 11 at 2 [emphasis added].)  Plaintiff's argument that he

_____

[4]Plaintiff also alleges a claim that Toliver "violated the rights guaranteed under 42 U.S.C. § 1983." (Doc. 12 ¶ 16(e).)  "Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions.  42 U.S.C. § 1983. Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights.  Therefore, the plaintiff must point to a specific federal right that the defendant violated." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1299 (11th Cir. 2007)(citing *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)).

was not required to comply with the plain language of the court's order because all the claims in his First Cause of Action relate to the events of November 3, 2004, "demonstrates . . . bad faith and . . . disregard of [his] responsibilities." *See Searock v. Stripling*, 736 F.2d 650, 655 (11th Cir. 1984). Therefore, defendants' Motion to Dismiss plaintiff's First Cause of Action will be granted. However, the dismissal will be made without prejudice to plaintiff's right to re-file his claims as previously ordered by the court – each count of the Amended Complaint shall contain only one discrete claim for relief against one defendant.

Plaintiff's Third Amended Complaint alleges that Toliver deprived plaintiff "of liberty without due process of law" under the Fifth and Fourteenth Amendments. (Doc. 12 ¶ 16(c).) Plaintiff's due process claim, however, is limited to the Fourteenth Amendment. *See McCall v. Department of Human Resources*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001)("[I]t is elementary constitutional law that the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government; it does not apply to state actors. Because the complaint contains no allegations that federal actors were involved in [plaintiff's] injuries, the Fifth Amendment provides no basis for relief in this case.")(citing *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir. 1997)(Tjoflat, J., dissenting from the denial of rehearing en banc)). Therefore, plaintiff's § 1983 claim, to the extent based on the due process clause of the Fifth Amendment will be dismissed with prejudice.

Also, plaintiff's claim that defendant Toliver deprived him of his constitutionally protected right to privacy based on the alleged false arrest will be dismissed with prejudice.

The Supreme Court has recognized two types of interests protected by the right of privacy: an interest in avoiding disclosure of personal matters and an interest in personal autonomy in making certain kinds of important decisions. *See Whalen v. Roe*, 429 U.S. 589, 599-600 (1977). The right of privacy protects private decision-making in certain matters related to marriage, procreation, contraception, abortion, family relationships, child rearing and education. *See Paul v. Davis*, 424 U.S. 693, 712-13 (1976). Plaintiff's allegations that Toliver arrested him without probable cause and that he used excessive force during the arrest may implicate rights protected under the Fourth Amendment, but the allegations do not state a claim for violation of any constitutional right to privacy.[5]

Based on the foregoing, plaintiff's First Count will be dismissed with prejudice as to his claim based on the alleged deprivation of his constitutional right to privacy.

## B.  SECOND CAUSE OF ACTION:  UNLAWFUL SEARCH

Plaintiff's Second Cause of Action, like his First Cause of Action, alleges a number of constitutional violations within the single count.  He alleges "that the search of his vehicle and person were unlawful and violated his clearly established rights to be free from unlawful

---

[5]The court also notes that plaintiff does not have a Fourth Amendment expectation of privacy in the parking lot of his apartment complex. *United States v. Miravalles,* 280 F.3d 1328, 1331-33 (11th Cir. 2002).  In *Miravalles*, the Eleventh Circuit held that tenants in an apartment building did not have a reasonable expectation of privacy in the "common areas [that] were open and accessible not only to all the many tenants and their visitors, to the landlord and all its employees, to workers of various types, and to delivery people of all kinds, but also to the public at large." *Id*. at 1333.

search guaranteed him by 42 U.S.C. § 1983,[6] and the Fourth, Fifth, [and] Fourteenth Amendments of the United States Constitution." (Doc. 12 ¶ 21 [footnote added].)

For the reasons set forth above, the court will grant defendants' Motion to Dismiss and plaintiff's claim based on the due process clause of the Fifth Amendment will be dismissed with prejudice. See, *supra*, p. 8. The remaining claims in plaintiff's Second Count will be dismissed without prejudice to plaintiff's right to re-file his claims as previously ordered by the court – each claim against each defendant shall be set forth in a separate count.

## C.  THIRD CAUSE OF ACTION:  INVASION OF PRIVACY

For the reasons set forth above, (see, *supra*, pp. 8-9), plaintiff's Third Count of his Third Amended Complaint will be dismissed with prejudice.

## D.  FOURTH CAUSE OF ACTION:  FALSE IMPRISONMENT BY DEFENDANTS TOLIVER AND THE CITY

Contrary to the court's prior Order, plaintiff has included multiple claims in this count against two defendants – Toliver and the City. (Doc. 12 ¶¶ 32, 35-36, 41.) He alleges that the City's Ordinance is overbroad and vague. (*Id.* ¶ 36.) Also, he alleges that Toliver

---

[6]"Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. 42 U.S.C. § 1983. Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights. Therefore, the plaintiff must point to a specific federal right that the defendant violated. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1299 (11th Cir. 2007)(citing *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)).

"deprived [him] of his clearly established right under the United States Constitution to be free from deprivation of liberty without due process of law, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983."[7]  (*Id.* ¶ 41.)

### 1.  The City

The court notes that the facts as alleged do not support a claim that the statute is "overbroad," as such complaints are limited to the First Amendment.  The Supreme Court has stated:

> [The] [v]agueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment.  A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.  Although ordinarily a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others, ***we have relaxed that requirement in the First Amendment context, permitting plaintiffs to argue that a statute is overbroad*** because it is unclear whether it regulates a substantial amount of protected speech.  But perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.

*United States v. Williams*, 128 S. Ct. 1830, 1845 (2008)(internal citations and quotations omitted; emphasis added).  Plaintiff does not allege that his right to engage in protected speech has been curtailed by the Ordinance such that he could maintain a claim that the

---

[7]See, *supra*, note 5.

Ordinance is "overbroad."  Therefore, plaintiff's claim that the Hoover Ordinance  § 3.1 is "overbroad" will be dismissed with prejudice.

Whether a statute is "vague," as plaintiff contends, is a question of law for the court. *Konikov v. Orange County*, 410 F.3d 1317, 1330 (11th Cir. 2005).  Plaintiff contends that the statute is vague because it does not define "public place."  However, in Alabama, a public place has long been defined as a place where plaintiff's activities can be viewed by the public, including private property that can be seen from a public road or street.  *See Warren v. City of Auburn*,  337 So. 2d 1319, 1321 (Ala. 1976)(citing *Franklin v. State*, 8 So. 678 (1890); *Lee v. State*, 33 So. 894 (1902)); *see also United States v. Santana*, 427 U.S. 38, 42 (1976)(defining "public place" as a place where defendant was "exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house."); *State v. Booth*, 670 N.W.2d 209, 215-16 (Iowa 2003)(holding that front steps and common hallway of apartment building were "public places" because defendant's co-tenants were part of the public.).  The court finds that "the phrase 'in a public place' . . . is neither vague nor indefinite; that is, men of common intelligence need not guess at its meaning and would not differ as to its application."  *See Quittner v. Thompson*, 309 F. Supp. 684, 686 (S.D. Fla. 1970).

Therefore, the court finds, as a matter of law, Hoover's Ordinance § 3.1 is not void for vagueness.  Plaintiff's claims based on the Ordinance being vague and/or overbroad will be dismissed with prejudice.

**2. Toliver**

Plaintiff alleges:

    32.  Defendant Toliver deprived plaintiff of his liberties by detaining plaintiff in a patrol car and the city jail of Hoover for a day, until he bonded out.

    33.  Said imprisonment was done without probable cause.

    . . .

    37.  Defendant Toliver unlawfully caused the "Hoover City Magistrate to issue a complaint to imprison plaintiff by swearing falsely to said magistrate that plaintiff was in a "parked car" in a "public place provided for the parking of vehicles in the City or its police jurisdiction," with an open container of an alcoholic beverage.

    39. [sic]  Defendant Toliver knew or should have known that the parking lot of the Colonial Grand . . . was not such a "public place provided for the parking of vehicles in the City or its police jurisdiction."

    40.  Defendant Toliver knew or should have known that said ordinance was unconstitutional and that the seeking of the complaint to incarcerate plaintiff was unlawful.

    41.  The above actions of defendant Toliver deprived plaintiff of his clearly established right under the United States Constitution to be free from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

(Doc. 12 ¶¶ 32-33, 37-40.)

For the reasons set forth above, (see, *supra*, p. 8), plaintiff's § 1983 claim against Toliver based on the due process clause of the Fifth Amendment will be dismissed with prejudice.  Also, because Ordinance § 3.1 is not void for vagueness, (see, *supra*, pp. 11-12),

plaintiff's §1983 claim based on Toliver's arrest of plaintiff under an allegedly unconstitutional ordinance will be dismissed with prejudice.

To the extent that plaintiff has alleged two § 1983 actions under his "false arrest" count,[8] those claims will be dismissed for failure to state a single cause of action against a single defendant within one count.  See, *supra*, p. 5.  The dismissal of these claims will be made without prejudice to plaintiff's right to re-file his claims as previously ordered by the court – each count of the Amended Complaint shall contain only one discrete claim for relief against one defendant.

## E. FIFTH CAUSE OF ACTION:   MALICIOUS PROSECUTION BY DEFENDANTS TOLIVER AND THE CITY

In his Fifth Cause of Action, plaintiff alleges a federal claim under Section 1983 for malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments.  The Eleventh Circuit Court of Appeals has stated, "Our Court has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983.  *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)(citing *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998); *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996); *Kelly v. Curtis*, 21 F.3d 1544, 1554-55 (11th Cir. 1994)).  Therefore, plaintiff's § 1983 claims for malicious prosecution based on violations of the Fifth and Fourteenth Amendments will be dismissed with prejudice.

---

[8]Plaintiff alleges that Toliver's actions violated his Fourth and Fourteenth Amendment rights.

According to the parties, plaintiff was convicted in Alabama state court of violating Ordinance § 3.1; he is currently appealing that conviction.  A § 1983 claim of malicious prosecution "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 490 (1994).  Also, "only terminations that indicate that the accused is innocent ought to be considered favorable."  *Uboh*, 141 F.3d at 1004-05(quoting *Hilfirty v. Shipman*, 91 F.3d 573, 580 (3rd Cir. 1996)).  Because plaintiff cannot allege that his conviction or sentence has terminated in his favor, his § 1983 claim based on malicious prosecution will be dismissed without prejudice.

**F.    SIXTH CAUSE OF ACTION: FAILURE OF DUTY TO PROTECT BY SMITH**

Defendants contend:

> The plaintiff's "Sixth Cause of Action" is brought against Defendant Todd Smith for Smith's alleged failure to protect the plaintiff from Defendant Toliver's alleged invasion of the plaintiff's privacy and Toliver's alleged false arrest and imprisonment of the plaintiff.  However, Defendant Smith owed the plaintiff no such duty under the law.  Because Smith had no duty to protect the plaintiff in particular, the plaintiff's Sixth Cause of Action is due to be dismissed for failure to state a claim upon which relief can be granted.

(Doc. 13 at 6-7.)  Contrary to defendant's assertion, Smith may have owed plaintiff a duty to protect him from Toliver.  The Eleventh Circuit has held:

> The law of this circuit is that an officer[,] who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.  Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow.

*Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341-42 (11th Cir. 2007)(internal quotations and citations omitted).   However, to prove liability, plaintiff must prove "that the non-intervening officer was in a position to intervene yet failed to do so."  *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)(citing *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000)).

Plaintiff's Third Amended Complaint fails to allege that Smith was present at the scene and that he could have intervened to protect plaintiff from Toliver's use of excessive force, but failed to do so.  Therefore, plaintiff's Sixth Count will be dismissed.  Plaintiff may replead this count if he is able to do so without violating Rule 11 of the Federal Rules of Civil Procedure.

**G.     SEVENTH CAUSE OF ACTION: NEGLIGENCE IN HIRING, TRAINING, SUPERVISION AND RETENTION BY DERZIS AND THE CITY**

Apparently plaintiff alleges a § 1983 claim and a state-law claim against defendants Derzis and the City based on the hiring, training, supervision, and retention of Toliver and Smith.  His Third Amended Complaint states:

43.   Prior to and on November 3, 2004, defendants, Hoover and its police chief, Derzis, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable, and illegal arrests by its police officers based on the race, origin, and/or ethnicity of the arrestee.

44.   Defendants, Derzis and Hoover, failed to properly investigate the background of its officers, including Toliver and Smith, prior to hiring.

45.   Defendants, Derzis and Hoover, refused to investigate former complaints of unlawful, false arrests, false imprisonments, and malicious

prosecutions, and, instead, officially claimed that such incidents were justified and proper.

46.  By means of both inaction and cover-up of such unlawful arrests, imprisonments and prosecutions, defendants, Derzis and Hoover, encouraged and/or failed to discipline police officers employed by Hoover, causing them to believe that unlawful arrests and imprisonments were permissible.

47.  Defendants, Derzis and Hoover, have maintained no system of review to identify instances of improper arrests, imprisonments and prosecutions, or to closely supervise officers, including Toliver and Smith, who had engaged in invasion of privacy, unlawful arrests, false imprisonments and malicious prosecutions.

48.  Defendants, Derzis and Hoover, have negligently retained officers, including Toliver and Smith, who had engaged in improper arrests, imprisonments and prosecutions, such as the arrest, imprisonment, and prosecution of plaintiff.

49.  Defendants, Derzis and Hoover, also maintain a system of grossly inadequate training pertaining to the law of permissible arrests, imprisonments and prosecutions, and such program fails to meet standard police training principals and criteria which are mandated by the State of Alabama.

50.  The foregoing acts, omissions, and systematic deficiencies are policies and customs of defendants, Derzis and Hoover, and such deficiencies causes its police officers to be unaware of proper rules for arrest and imprisonment, all with the foreseeable results that officers are more likely to engage in false arrests, imprisonments and malicious prosecutions.

51.  The aforementioned acts were done with malice, recklessly, or with gross negligence of the clearly protected rights of plaintiff and others.

52.  As a direct and proximate result of the aforementioned acts, omissions, systematic deficiencies, policies and customs of defendants, plaintiff's aforementioned, clearly established rights were violated, plaintiff suffered severe injuries, including great pain and mental suffering and incurred medical and legal expenses and was deprived of his liberty.

(Doc. 12 ¶¶ 43-52.)

17

**1. Section 1983**

Defendants contend that plaintiff's Seventh Cause of Action, to the extent it seeks to state a federal cause of action, is due to be dismissed because the Third Amended Complaint does not allege that Derzis and the City "violated any of the plaintiff's federal constitutional rights."

The City is liable under § 1983 "only where [it] inadequately [hires, retains,] trains or supervises its employees, this failure to [hire, retain,] train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)(citations omitted). "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 407 (1997).

> Municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives  by city policymakers.   Only where a failure to [hire, retain, supervise, and/or] train reflects a "deliberate" or "conscious" choice by a municipality – a "policy" as defined by our prior cases – can a city be liable for such a failure under § 1983.

*City of Canton v. Harris*, 489 U.S. 378, 389 (1989)(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483-84 (1986)(opinion of Brennan, J); citing *Oklahoma City v. Tuttle*, 471 U.S. 808,

823 (1985)(opinion of Rehnquist, J.))(internal quotations omitted), *quoted in Gold*, 151 F.3d at 1350.

Therefore, the City cannot be held liable for "negligent" hiring, training, supervision, and/or retention.  Plaintiff must allege and prove that it acted with deliberate indifference.

Similarly, Derzis cannot be liable based on mere negligence.

> A supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his "failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact" and the failure has actually caused the injury of which the plaintiff complains.  *Popham v. City of Talladega*, 908 F.2d 1561, 1564-65 (11th Cir. 1990); *Greason v. Kemp*, 891 F.2d 829, 837 n.15 (11th Cir. 1990); *cf. City of Canton v. Harris*, 489 U.S. 378, 388, 390, 109 S. Ct. 1197, 1204-05, 103 L. Ed. 2d 412 (1989)(addressing the analogous situation of municipal liability under section 1983).

*Belcher v. City of Foley*, 30 F.3d 1390, 1397 (11th Cir. 1994).

Because neither Derzis nor the City can be liable under § 1983 for mere "negligent" hiring, training, supervision and/or retention under § 1983, plaintiff's Seventh Cause of Action, to the extent based on mere negligence, will be dismissed with prejudice.

As defendant correctly notes, plaintiff's Seventh Cause of Action is due to be dismissed because plaintiff does not identify his constitutional right or rights violated.  *See Long v. Slaton*, 508 F.3d 576, 583 n.10 (11th Cir. 2007).  Therefore, plaintiff's Seventh Cause of Action, to the extent his § 1983 claim is based on deliberate indifference, will be dismissed without prejudice.  Plaintiff may replead these claims; however, each claim – wrongful hiring, retention, training, and/or supervision – against each defendant – the City and/or Derzis – must be set forth in a separate count.

19

### 2. State-Law Claim

As to plaintiff's claims based on state-law, defendants argue that Derzis is entitled to immunity for any negligent hiring, training, supervision and retention, (doc. 13 at 7-8 [citing *ex parte Cranman* 792 So.2d 392, 405 (Ala. 2000); Ala. Code § 6-5-338(a)]), and that his individual immunity is extended to the City, (*id*. n.1 [citing Ala. Code § 6-5-338(b)]). The court agrees.

Section 6-5-338(a) of the Alabama Code extended state-agent immunity to municipal law-enforcement officials. *Howard v. City of Atmore*, 887 So. 2d 201, 203 (Ala. 2003)(citing *Sheth v. Webster*, 145 F.3d 1231, 1237 (11th Cir.1998)). In *Ex Parte Cranman*, the Alabama Supreme Court held, *inter alia*, that "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim . . . is based upon the agent's . . . (2) exercis[e] [of] his . . . judgment in the administration of a department . . . of government, including, but not limited to, . . . (d) hiring, firing, transferring, assigning, or supervising personnel . . . ." *Cranman*, 792 So. 2d at 405 (emphasis deleted), *quoted in Howard*, 887 So. 2d at 210. In *Howard*, the Alabama Supreme Court included negligent or wanton hiring and supervising within the protected activity. *Howard*, 887 So. 2d at 210 (quoting *Ryan v. Hayes*, 831 So. 2d 21, 31 (Ala.2002)).

Therefore, plaintiff's Seventh Cause of Action, to the extent based on state-law claims for negligent and/or wanton hiring, training, supervision and/or retention against Derzis in his individual capacity, will be dismissed with prejudice.

"It is well established that, if a municipal peace officer is immune pursuant to §
6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune."
*Id.* at 211.  Therefore, plaintiff's Seventh Cause of Action, to the extent based on state-law
claims for negligent and/or wanton hiring, training, supervision and/or retention against the
City, will be dismissed with prejudice.

Also, plaintiff's Seventh Cause of Action, to the extent based on allegations that
malice, will be dismissed with prejudice against the City.

> Section 11-47-190 [of the Alabama Code] provides that a municipality is
> immune from tort liability "unless such injury or wrong was done or suffered
> through the neglect, carelessness or unskillfulness of some agent, officer or
> employee of the municipality engaged in work therefor and while acting in the
> line of his or her duty."  This statute limits a municipality's liability for the acts
> of its agents to those acts that are negligent, careless, or unskillful.  Section
> 11-47-190 provides a municipality immunity from liability for the acts of its
> agents that are carried out in bad faith or with malice.  *Borders* [*v. City of
> Huntsville*], 875 So. 2d [1168,] 1183 [(Ala. 2003)](quoting *Ex parte City of
> Gadsden*, 718 So. 2d 716, 721 (Ala. 1998)).

*Ex parte City of Tuskegee*, 932 So. 2d 895, 910 (Ala. 2005).

Plaintiff may replead his Seventh Cause of Action, to the extent based on state-law,
against Derzis in his individual capacity for malicious hiring, training, supervision, and/or
retention; however, each claim – wrongful hiring, retention, training, and/or supervision –
against Derzis must be set forth in a separate count.

## H.   EIGHTH CAUSE OF ACTION:   STATE CLAIM FOR ASSAULT AND BATTERY BY TOLIVER

Plaintiff alleges that defendant Toliver "assaulted and battered" him.  (Doc. 12 ¶ 55.)

Defendants contend that Toliver is entitled to state-agent immunity.  (Doc. 13 at 8.)  Alabama

law provides immunity to municipal peace officers –

> when the conduct made the basis of the claim against the agent is based upon the agent's . . .  exercis[e] [of] judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala.Code 1975.

*Ex parte Kennedy*, No. 1061377, 2008 WL 1838311, 6 (Ala. Apr. 25, 2008)(quoting *Hollis*

*v. City of Brighton*, 950 So.2d 300, 309 (Ala. 2006))(emphasis deleted).  However, a

municipal peace officer, in his individual capacity, is not entitled to immunity "when [he]

acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under

a mistaken interpretation of the law."   *Id*. at 4 (quoting *Cranman*, 792 So. 2d at

405)(emphasis deleted).

Plaintiff alleges that Toliver was acting within the scope of his job as a police officer

at the time of the incident. He does not allege that Toliver acted "willfully, maliciously,

fraudulently, in bad faith, beyond his . . . authority, or under a mistaken interpretation of the

law." *See id*.  Therefore, plaintiff's Eighth Cause of Action will be dismissed based on state-

agent immunity.  Plaintiff may replead this claim to allege that Toliver acted with the

requisite intent to avoid the state-agent immunity if he can do so with violating Rule 11 of

the Federal Rules of Civil Procedure.

## I.  NINTH CAUSE OF ACTION: STATE CLAIM FOR FALSE ARREST BY TOLIVER AND SMITH

Plaintiff alleges, "Defendants Toliver and Smith while acting in concert, falsely arrested plaintiff without probable cause."[9] (Doc. 12 ¶ 61.)  He does not allege that Toliver and Smith acted "willfully, maliciously, fraudulently, in bad faith, beyond [their] . . . authority, or under a mistaken interpretation of the law."  *Ex parte Kennedy*, No. 1061377, 2008 WL 1838311 at 4.  Therefore, plaintiff's Ninth Cause of Action will be dismissed against Toliver and Smith based on state-agent immunity.  Plaintiff may replead this claim to allege that Toliver and Smith acted with the requisite intent to avoid the state-agent immunity if he can do so with violating Rule 11 of the Federal Rules of Civil Procedure; however, each count may contain only one claim against one defendant.

## J. TENTH CAUSE OF ACTION: STATE CLAIM FOR FALSE IMPRISONMENT BY DEFENDANTS TOLIVER, SMITH AND THE CITY

Plaintiff alleges, "Defendants Toliver, Smith, and Hoover, acting in concert, falsely imprisoned plaintiff."  (Doc. 12 ¶ 67.)  He does not allege that Toliver and Smith acted "willfully, maliciously, fraudulently, in bad faith, beyond [their] . . . authority, or under a mistaken interpretation of the law."  *Ex parte Kennedy*, No. 1061377, 2008 WL 1838311 at 4.  Therefore, plaintiff's Tenth Cause of Action will be dismissed based on state-agent

---

[9]Alabama law provides that a peace officer is entitled to state-agent immunity if he has "arguable probable cause"  to make an arrest.  *Borders v. City of Huntsville*, 875 So. 2d 1168, 1179-80 (Ala. 2003).  "Arguable probable cause" means the particular facts of the case are such that "officers of reasonable competence in the same circumstances and with the same knowledge would disagree as to whether probable cause existed."  *Id*.

immunity.  Plaintiff may replead this claim to allege that Toliver and Smith acted with the requisite intent to avoid the state-agent immunity if he can do so with violating Rule 11 of the Federal Rules of Civil Procedure; however, each count may contain only one claim against one defendant.

All claims against the City are dismissed with prejudice.  *See* Ala. Code § 6-5-338(b) and § 11-47-190.

## K.   ELEVENTH CAUSE OF ACTION:   STATE CLAIM FOR MALICIOUS PROSECUTION BY DEFENDANTS TOLIVER, SMITH, AND HOOVER

As noted above, plaintiff was convicted in state court and his appeal is now pending. Therefore, his malicious prosecution claim will be dismissed without prejudice to plaintiff's right to refile this claim if the appeal is decided in his favor.  *See Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So. 2d 730, 733 (Ala. 1988).

## L.  TWELFTH CAUSE OF ACTION:  CONSPIRACY

Plaintiff concedes that this count is due to be dismissed due to the intracorporate conspiracy doctrine.  (Doc. 15 ¶ 1.)  Therefore, this claim will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Third Amended Complaint is due to be dismissed.  An Order granting defendants' Motions to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 29th day of September, 2008.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE